IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BD MEDICAL SUPPLIES LLC,

      **Plaintiff,**

v.

BLUESTEM MANAGEMENT
ADVISORS, LLC, et al.,

      **Defendants.**

Case No. 21-1226-DDC

**MEMORANDUM AND ORDER**

The two defendants in this case—Bluestem Management Advisors, LLC and Thomas D. Johnson—have filed a summary judgment motion. *See* Doc. 52 (motion) and 53 (supporting memorandum). It seeks judgment in their favor on all of plaintiff's claims. That motion is fully briefed and the court will rule the motion in due course. But the court recites this procedural history merely for context because this Order addresses an unrelated development.

Specifically, on May 15, 2023, the court granted defendants' shared counsel leave to withdraw. *See* Doc. 63. That Order left both defendants unrepresented. For Mr. Johnson, that's fine. An individual may represent himself. But that's not true for the business organization named as a defendant in this action—Bluestem Management Advisors, LLC (Bluestem). The court explains why this is so, below, and then identifies what Bluestem must do (and when it must do it). **In summary form, the court orders Bluestem to retain counsel to represent it in this action and Bluestem's new counsel must enter its appearance no later than 45 days before the October 3, 2023, trial date.** The court has no plans to continue the trial date based on an argument that new counsel needs more time to prepare for trial.

**I.      Legal Standard**

"The general rule is that a corporation can appear in court only by an attorney." *Boilermaker-Blacksmith Nat'l Pension Fund v. Tank Maint. & Tech., Inc.*, No. 96-2161-JWL, 1997 WL 458411, at *1 (D. Kan. July 18, 1997) (Lungstrum, J.) (first citing *Devilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); then citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied*, 371 U.S. 950 (1963); and then citing *Mid-Central/Sysco Food Servs., Inc. v. Reg'l Food Servs., Inc.*, 755 F. Supp. 367, 368 (D. Kan. 1991)). "A corporation is an abstraction, and abstractions cannot appear pro se." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (Easterbrook, J.) (internal quotation marks omitted). "Courts that have considered similar claims have concluded that a corporation must appear by an attorney, despite claims that it is financially unable to do so." *Boilermaker-Blacksmith*, 1997 WL 458411, at *2 (first citing *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983); then citing *Mid-Central/Sysco*, 755 F. Supp. at 368; and then *Algonac Mfg. Co. v. United States*, 458 F.2d 1373, 1375 (Ct. Cl. 1972)). This rule dates back nearly two centuries. *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824) (Marshall, C.J.) ("A corporation, it is true, can appear only by attorney, while a natural person may appear by himself.").

This same restriction applies to other business organizations as well. This includes a limited liability company, such as Bluestem here. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 557–58 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." (citation omitted)).

**II.     Analysis**

Here, this court will not stray from the black letter rule that corporate and organizational defendants cannot proceed pro se in federal court. *Id.* As our Circuit has explained, this rule applies equally to an LLC. *Id.* The court has every intention of shepherding this case to resolution on the schedule adopted by the Pretrial Order. *See* Doc. 51 (Pretrial Order, setting case for trial on October 3, 2023). Accordingly, the court orders Bluestem to secure legal representation so that this action will proceed as scheduled. If Bluestem fails to secure counsel, it does so at its own peril. Nor will the court postpone the trial because new counsel needs more time to prepare.[1]

**III.    Conclusion**

Bluestem must secure legal counsel and this new representation must enter its appearance no later than 45 days before the trial date in this case—October 3, 2023—or suffer the consequences of its failure to retain counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Bluestem Management Advisors, LLC is directed to secure legal counsel to represent that LLC in this action and that counsel must enter its appearance no later than 45 days before the October 3, 2023 trial.

**IT IS SO ORDERED.**

**Dated this 21st day of June, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

---

[1] *See, e.g.*, *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (holding plaintiffs were entitled to default judgment against pro se corporate defendant where defendant repeatedly disregarded instructions from the court to secure legal counsel (citing Fed. R. Civ. P. 55)); *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default.").

3